IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

BRIDGETT M. SPEARS,

             Plaintiff,

    vs.                    **Case No. 06-4087-RDR**

DEPARTMENT OF REVENUE,
STATE OF KANSAS,

             Defendant.

_____

**MEMORANDUM AND ORDER**

This is an employment discrimination action. Plaintiff brings this action against her present employer, the Kansas Department of Revenue. She contends she has been discriminated against because she is African-American. This matter is presently before the court upon defendant's motion to dismiss and for summary judgment.

In the instant motion, the defendant seeks dismissal because plaintiff fails to state a claim upon which relief can be granted and insufficiency of process. The defendant also seeks summary judgment on the issue of whether plaintiff has been subjected to "adverse job actions." Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

The defendant begins by arguing that plaintiff has asserted only a disparate treatment claim. The defendant suggests that plaintiff's allegations of "constant barrage of undue criticism" of her work performance and "unwarranted micro-management" by her supervisor are not actionable under Title VII. The defendant

further contends it is entitled to summary judgment on plaintiff's disparate treatment claims because she has failed to show that she has sustained an "adverse job action."  Finally, the defendant argues that plaintiff has failed to administratively exhaust most of the claims she raises in the instant case.

Dismissal for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) is appropriate only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of [its] claims which would entitle [it] to relief," Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive, Neitzke v. Williams, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff.  Beedle, 422 F.3d at 1063.  The issue in resolving such a motion is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quotation omitted).

The court has carefully reviewed plaintiff's complaint.  The court believes that plaintiff has sufficiently stated claims of race discrimination based upon disparate treatment and a hostile work environment.  In order to successfully state a hostile work environment claim under Title VII, plaintiff must show that (1) she

is a member of a protected class; (2) the conduct in question was unwelcome; (3) the harassment was based on race; (4) the harassment was sufficiently severe or pervasive to create an abusive working environment; and (5) some basis exists for imputing liability to the employer. See Metzger v. City of Leawood, 144 F.Supp.2d 1225, 1248 (D.Kan. 2001). Viewing plaintiff's complaint liberally, we believe that she has made sufficient allegations of a hostile work environment. The court must deny the defendant's motion to dismiss based upon the contention that plaintiff's claims are not actionable.

With this decision, the court shall turn to the defendant's argument that it is entitled to summary judgment on plaintiff's disparate treatment claims because she has failed to demonstrate an "adverse employment action."

The Tenth Circuit liberally defines the phrase "adverse employment action" and takes a "case-by-case approach" in determining whether certain actions constitute adverse employment actions. Sanchez v. Denver Public Schools, 164 F.3d 527, 532 (10th Cir. 1998); Jeffries v. Kansas, 147 F.3d 1220, 1232 (10th Cir. 1998). Nevertheless, "a mere inconvenience or an alteration of job responsibilities" does not constitute adverse employment action. Sanchez, 164 F.3d at 532 (quoting Crady v. Liberty Nat'l Bank & Trust Co., 993 F.2d 132, 136 (7th Cir. 1993)). The Supreme Court has stated that conduct is adverse employment action if it

3

"constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998). These examples provided in Burlington make clear that for employment action to be considered "adverse" it must have a significant impact on the plaintiff's employment status or benefits.

The defendant suggests based upon an affidavit filed by Kathy Metcalf, the director of human resources for the Department of Revenue, that plaintiff has not suffered any loss of pay or benefits since 2001. She further notes that plaintiff has received either satisfactory or exceptional on her performance evaluations during the period from 2001 to 2006. Plaintiff has responded with an affidavit in which she asserts she has lost pay since 2001 because she has been forced to take leave without pay due to the "severe and pervasive harassment" inflicted by the defendant. She further alleges that all of her prior performance evaluations should have been "exceptional," not simply satisfactory as they were for some years.

At this time, the court intends to deny defendant's motion. The court does so even though the defendant has raised some interesting and perhaps correct arguments. Nevertheless, the court at this time is unconvinced that judgment should be entered on

4

these issues.  The determination of whether the matters raised by the plaintiff constitute adverse employment actions would better be decided following the conclusion of discovery with thorough and meaningful arguments offered by both sides.  The court notes at least one unpublished district court opinion has suggested that requiring an employee to take leave without pay can be considered an adverse employment action.  See Kinsey v. City of Jacksonville, 2005 WL 3307211 (M.D.Fla. 2005).  Accordingly, at this time, the court shall deny this aspect of the defendant's motion.

The defendant next contends that plaintiff has not administratively exhausted all of the claims raised in her complaint.  Specifically, the defendant asserts that the following claims have not been exhausted:  (1) being "subjected to a constant barrage of undue criticism of her performance;" (2) having "leave requests . . . questioned without justification;" (3) being "falsely accused of failing to perform the duties of her position;" (4) being "constantly threatened with disciplinary action;" (5) being subjected to a hostile work environment; and (6) any claims of discrimination occurring prior to November 2002.

Plaintiff has responded that her administrative charge of discrimination was sufficient to allow her present claims.  She notes that the charge indicated that she was subjected to disparate treatment due to her race, and the specific examples given were preceded by the language "to include but not limited to."

5

Plaintiff also suggests that the language of the charge was adequate to allow a claim for a hostile working environment. Plaintiff argues as follows: "Defendants view of the case would require every Title VII Plaintiff to list in detail every possible form of disparate treatment and hostile working allegation in the administrative charge in order to present their claims before the Court. This is not what was intended nor is it the law of this Circuit."

On August 31, 2004, plaintiff filed a charge of discrimination with the Kansas Human Rights Commission. In the charge, plaintiff alleged the following:

> From November 2002, to at least August 6, 2004, I was subjected to disparate treatment compared to similarly situated Caucasian employees by members of management, to include by (sic) not limited to: my work was more closely scrutinized, I was required to inform my supervisor of my activities, and I was harassed regarding any leave time I used.

In the complaint filed here, plaintiff has raised considerably more allegations of discrimination, including all of those listed above by the defendant. Neither side has engaged in a thorough analysis of the law on this issue, as both sides have failed to cite any recent case law. Plaintiff's brief is particularly lacking since it fails to cite any decision on this issue.

The law on exhaustion of Tile VII claims has changed in the Tenth Circuit. In <u>Tucker v. Colorado Dept. of Health and</u>

<u>Environment</u>, 104 Fed.Appx. 704, 708-709 (10th Cir. 2004), the court

explained the change as follows:

> Prior to 2002, Tenth Circuit law allowed a party to include in a civil claim those acts that were "like or reasonably related to the allegation of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC." <u>Ingels [v. Thiokol Corp.]</u>, 42 F.3d [616] at 625 [(10th Cir. 1994]](emphasis added). Whatever the exact scope of that rule was, it is no longer the law. <u>See</u> <u>National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (holding, under Title VII, that an employee seeking to recover for discrete acts of alleged discrimination, with respect to which he first filed a discrimination charge with the appropriate state agency, may only recover for those acts occurring within 300 days of the date that the employee filed his charge with the EEOC).
>
> In <u>Martinez v. Potter</u>, 347 F.3d 1208, 1210 (10th Cir.2003), we held that we lacked jurisdiction over a postal employee's allegations of discrimination because he failed to exhaust his administrative remedies as to each discrete incident of discrimination. In <u>Martinez</u>, the plaintiff filed an EEOC complaint for alleged discriminatory acts occurring in 1999. When he filed his civil case, however, he included alleged acts of discrimination that occurred following the EEOC filing, including a September 2000 reprimand and his April 2000 termination. As did the District Court here, the district court in <u>Martinez</u> relied on <u>Ingels</u> to dismiss the postal worker's claims as unexhausted.
>
> On appeal, the postal employee argued that he did not need to exhaust the later claims because they were "like or reasonably related" to the earlier claims made in his EEOC filing. Pointing to the Supreme Court's decision in <u>Morgan</u>, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), we disagreed, holding that "each discrete incident of [discrimination] constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." <u>Martinez</u>, 347 F.3d at 1210. We reasoned that this rule supports the policies of Title VII in that it "put[s] an employer on notice of a violation prior to the commencement of judicial proceedings .... [and it] facilitate[s] internal resolution of the issue rather than promoting costly and time-consuming litigation." FN1 <u>Id</u>. at 1211.

FN1. The Supreme Court has specifically noted
that this rule does not apply to claims of
hostile environment because, by definition,
such claims are based on a string of incidents
rather than separate acts. <u>See</u> <u>Davidson v.
America Online, Inc.</u>, 337 F.3d 1179, 1185
(10th Cir.2003) (discussing <u>Morgan</u>). Ms.
Tucker does not make a hostile environment
claim.

With this background, the court shall proceed to the arguments
made by the defendant. First, the court believes that plaintiff's
charge sufficiently asserts a claim of a hostile work environment.
The claim is not asserted as explicitly as the court would desire,
but we deem it sufficient. Second, we find that most of the claims
asserted by plaintiff in her complaint arise from the allegations
contained in her charge of discrimination. As explained above,
under <u>Morgan</u> and <u>Martinez</u>, each discrete incident of discrimination
constitutes its own unlawful employment practice for which
administrative remedies must be exhausted. The court believes that
most of what defendant contends are discrete claims are actually
part of plaintiff's hostile work environment claim. For example,
her claims that she was subjected to "a constant barrage of undue
criticism" and was "falsely accused of failing to perform the
duties of her position" appear to fall under her hostile work
environment claim. Accordingly, we believe they are properly part
of the instant complaint. To the extent that these claims are
separate claims of disparate treatment, we believe that most are
set forth in the charge of discrimination. For example,

8

plaintiff's claim that her leave requests were questioned without justification appears to fall under the language of her charge of discrimination where she stated that she was "harassed regarding any leave time I used."  In addition, plaintiff's claim that she was constantly threatened with disciplinary action is consistent with her charge of discrimination where she alleged that her work "was more closely scrutinized" and she was "harassed regarding any leave time I used."

Finally, the defendant contends that personal jurisdiction is lacking due to insufficiency of service of process.  The defendant asserts that process was insufficient because the summonses issued by the plaintiff were not "directed" to the defendant State of Kansas.

In her complaint, plaintiff has named the "State of Kansas, Department of Revenue . . . a state agency" as the defendant in this case.  She served summonses on "Joan Wagnon, Secretary--State of Kansas, Department of Revenue" and "Phill Kline, Attorney General--State of Kansas."

Fed.R.Civ.P. 4(a) requires that "[t]he summons . . . be directed to the defendant."  In order to serve a state agency under Rule 4, a plaintiff may deliver a copy of the summons and of the complaint pursuant to federal law, see Fed.R.Civ.P. 4(d)(6)(when a state agency is sued, service may be made "by delivering a copy of the summons and of the complaint to the chief executive officer")

or state law, <u>see</u> K.S.A. 60-304(d)(5)(service upon a state governmental agency must be made by serving the attorney general or an assistant attorney general). In this case, plaintiff noted the defendant in the caption of the summons and then directed the summonses to the chief executive officer of the Kansas Department of Revenue and the Kansas Attorney General. The court believes that these actions constitute compliance with Rule 4(a). However, to the extent that plaintiff's actions constitute a technical violation of Rule 4(a), the court fails to find that the defendant has been prejudiced in any fashion. <u>See Oltremari v. Kansas Social and Rehabilitative Services</u>, 871 F.Supp. 1331, 1349 (D.Kan. 1994). Accordingly, the court shall also deny this aspect of the defendant's motion.

In sum, the court shall deny defendant's motion at this time. The court no doubt will be forced to revisit many of these issues in a later summary judgment motion.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss and for summary judgment (Doc. # 8) be hereby denied.

**IT IS SO ORDERED.**

Dated this 15th day of May, 2007 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge

10